UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOVA CASUALTY CO.,

    Plaintiff,

v.                                                                            No: 8:19-cv-2535-T-02-TGW

YUTZY TREE SERVICE, INC.,
KARL J. YUTZY, BRANDY BROAD,
SURVIVING SPOUSE AND PERSONAL
REPRESNTATIVE OF ESTATE OF
JASON BROAD,

    Defendants.

_____/

### ORDER GRANTING SUMMARY JUDGMENT
### IN PART AND DENYING IN PART

This case is an insurance coverage dispute. Jason Broad was trimming trees in his job at Yutzy Tree Service, Inc. ("YTS"). He encountered a powerline and was electrocuted to death. Nova Casualty Co. ("Nova"), the insurer for YTS, has filed this action seeking a declaration that it is not liable for defense or indemnity for this accident. Before the Court is Nova's summary judgment motion (Doc. 38), Defendants' responses (Docs. 40 and 41), and Nova's reply (Doc. 44). The Court grants Nova's Motion for Summary Judgment in part, and denies it in part.

## UNDERLYING FACTS

The Decedent, Jason Broad, was an employee of YTS and was electrocuted at work on January 11, 2019. YTS had a commercial general liability insurance policy with Nova ("the Policy"). Doc. 38-1. Jason's widow, Brandy Broad, brought a wrongful death lawsuit in the Sixth Judicial Circuit of Florida – Pinellas County ("the underlying suit"), seeking recovery against YTS and its principal, Karl Yutzy, for Jason's death. Doc. 38-2. Mrs. Broad sued five other parties not relevant here.

The underlying suit alleges that Jason was in the scope of his employment for YTS when the fatal accident occurred. Doc. 38-2 at ¶¶ 13–21. The first relevant Count is Count IV, where Mrs. Broad sues YTS as the negligent employer of the deceased Jason. *Id.* at ¶¶ 53–63. In Count V she asserts a claim against Karl Yutzy, the principal of YTS, for gross negligence for failure to protect Jason and "conscious indifference to Decedent's safety and life." *Id.* at ¶¶ 64–71. Count VI asserts a vicarious liability claim against YTS for the gross negligence of Karl Yutzy. *Id.* at ¶¶ 72–77.

Uncontested evidence in the underlying suit establishes that Jason was a full-time worker and assistant manager for YTS, working within the scope of his job at the time of his death. Doc. 38-3 at 9–22. Jason's personal representative and

2

widow, Mrs. Broad, has received benefits pursuant to Florida workers' compensation insurance. Doc. 38-6.

Nova is presently defending YTS and its principal, Karl Yutzy, in the underlying litigation under a reservation of rights. Doc. 1 at ¶ 19. Nova seeks exculpation based on several provisions of the Policy. First, Nova notes that the insuring agreement of the Policy states in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Doc. 38-1 at 46.

Nova also relies on three express exclusions which the Policy provides:

> **a. Expected or Intended Injury**
> "Bodily injury". . . expected or intended from the standpoint of the insured. . . .
>
> . . . .
>
> **d. Workers' Compensation and Similar Laws**
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **e. Employer's Liability**
> "Bodily injury" to:
> **(1)** An "Employee" of the insured arising out of and in the course of:
>   **(a)** Employment by the insured; or

>> **(b)** Performing duties related to the conduct of the insured's business. . . .

> . . . .

> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

Doc. 38-1 at 47.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure provide for the granting of summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Certain Underwriters at Lloyd's, London* v. *Best for Less Food Mart, Inc.*, 8:10-CV-688-T-30AEP, 2010 WL 3340550, *1 (M.D. Fla. 2010). The burden is initially upon the movant to conclusively demonstrate the absence of a genuine issue as to any material fact. *Westfield Ins. Co*. v. *Carolina Cas. Ins. Co*., 2016 WL 7666146, *2 (M.D. Fla. 2016). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; the requirement is that there be no genuine issue of material fact. *See Best for Less Food Mart*, 2010 WL 3340550 at *1.

When a moving party has met its burden, the non-moving party must then go beyond the pleadings, and by an affidavit, deposition testimony, answers to interrogatories, or admissions point to specific facts showing that there is a genuine issue for a jury to decide. *BVS Acquisition Co., LLC* v. *Brown*, 649 F. App'x 651, 659–60 (11th Cir. 2016). The non-movant cannot carry its burden by resting upon assertions in counsel's argument, pointing to allegations in its pleadings, or resting upon mere denials within pleadings. *Walker* v. *Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990). The responses of the non-movant must set forth specific facts showing that there is a genuine issue for a trial. *See id.* at 1576–77. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for [the non-moving] party." *Id.* at 1577.

Exclusion clauses in insurance policies "are typically read strictly and in a manner that affords the insured the broadest possible coverage." *Sinni v. Scottsdale Ins. Co.*, 676 F. Supp. 2d 1319, 1323 (M.D. Fla. 2009), *as amended* (Jan. 4, 2010).

In Florida, the broader duty to defend is controlled by the allegations of the underlying complaint or claim. *Auto-Owners Ins. Co. v. Elite Homes, Inc.*, 160 F. Supp. 3d 1307, 1310 (M.D. Fla. 2016), *aff'd*, 676 F. App'x 951 (11th Cir. 2017). But the duty to indemnify is controlled by the actual facts of the

underlying suit. *Underwriters at Lloyds London v. STD Enters., Inc.*, 395 F. Supp. 2d 1142, 1147 (M.D. Fla. 2005). Here, the underlying suit remains pending.

An insurer has no duty to defend a lawsuit against an insured if the complaint on its face fails to allege facts that bring the case within coverage of the insurance policy. *See Geovera Specialty Ins. Co. v. Hutchins*, 504 F. App'x 851, 853 (11th Cir. 2013) (per curiam); *Canopius Corp. Cap. Two, Ltd. v. BKH Corp.*, 2:12-CV-14207-KMM, 2013 WL 12095521 at *2–3 (S.D. Fla. Feb. 14, 2013). As a matter of law, if there is no duty to defend, there can be no duty to indemnify. *See Geovera*, 504 F. App'x at 853; *Canopius*, 2013 WL 12095521 at *3. But any doubts regarding the duty to defend should be resolved in favor of the insured. *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 442–445 (Fla. 2005).

## ANALYSIS

### 1. The "Expected or Intended Injury Exclusion":

The Court addresses the three exclusions in turn. The first, and easiest to resolve, is the "Expected or Intended Injury" exclusion. This excludes coverage for any bodily injury "expected or intended from the standpoint of the insured." As a practical matter, Nova is arguing here that the electrocution of Jason Broad was an expected or intended injury from YTS's standpoint. This is obviously not true. Jason's boss did not expect or intend for him to be electrocuted, and there

6

is no evidence of this. Nova makes this argument, though, based on the language of Mrs. Broad's underlying complaint, which appears to plead punitive damages and avoid workers' compensation immunity, by describing Mr. Yutzy's gross negligence, knowledge of hazards, etc. The underlying complaint states that placing Jason in this dangerous situation was reckless, with the injury "virtually certain to result," and demonstrated "a conscious indifference to Decedent's safety and life." *See* Doc. 38 at 11 (citing Doc. 38-2 at ¶¶ 19, 54–55).

Notwithstanding the florid language of Mrs. Broad's complaint, the injury was neither expected nor intended from the standpoint of the insured, and this exclusion is clearly inapt. The authority Nova cites to support this argument[1] is distinguishable and not persuasive on these facts. No insured intended or expected that Jason Broad would be electrocuted in a cherry picker while cutting tree limbs. *See* Doc. 40 at 13 (citing Karl Yutzy deposition). The Court denies Nova's motion for summary judgment based on the "expected or intended injury" exclusion.

**2. The Two Remaining Exclusions as to YTS:**

As to YTS, the second exclusion that Nova asserts excludes "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." It is uncontested that Mrs.

---

[1] *Catlin Syndicate 2003 v. Rimkus*, 43 F. Supp. 3d 1255, 1260–61 (S.D. Fla. 2012).

Broad has received workers' compensation benefits for this incident, and YTS's workers' compensation carrier has issued ninety-one checks totaling $44,100.57. *See* Doc. 38-6; Doc. 39; Doc. 39-1. As to YTS, this is an easy call.

The Decedent, Jason Broad, was an employee of YTS. This is not contested. Doc. 38-3 at 12. He was up in YTS' cherry picker, cutting limbs on a YTS job, as a YTS worker, with his YTS crew. And YTS has State of Florida workers' compensation duties, per the workers' compensation law in place in Florida. The State requires YTS to purchase workers' compensation insurance. Those state law duties, and the available workers' compensation remedies, are exclusive remedies for the worker or his personal representative. Under that legal scheme, YTS has protections and immunities from lawsuits brought by employees for work injuries. According to this workers' compensation exclusion, the Court grants summary judgment to Plaintiff Nova. The Court declares that Nova Casualty Company has no duty defend or indemnify YTS under policy ARB-ML-1000036-01 for this accident due to this "workers' compensation" policy exclusion.

The third exclusion bars coverage for bodily injury to the insured's employees for work done by them in the scope of their employment. It is uncontested that the Decedent was an employee within the scope of his employment at YTS, injured while performing YTS work. The Court grants

8

summary judgment to Plaintiff Nova, and declares that under the Policy Nova has no duty to defend or indemnify YTS for this accident, due to this "Employer's Liability Exclusion."

### 3. The Two Remaining Exclusions as to Mr. Karl Yutzy:

As to Karl Yutzy, the issues are much less clear. An analogous case is *Maxum Indem. Co., v. Massaro*, 817 F. App'x 851 (11th Cir. 2020) (per curiam). In that coverage case, the decedent's plaintiff brought a wrongful death suit against the employing company's principal, just like here. In a persuasive discussion, the Eleventh Circuit resolved the workers' compensation and employee exclusion issues in a manner favoring the defendant. The undersigned finds *Maxum* persuasive and factually on point, and follows it here.

The first issue to address is Karl Yutzy's status. One may surmise the gross negligence claim against him in the underlying suit is drafted to avoid workers' compensation immunity. The underlying complaint alleges that "Defendant, Yutzy, is employed by Defendant, Yutzy Tree Service . . . Yutzy is a co-worker of the [D]ecedent." Doc. 38-2 at ¶¶ 65–66. Initially, the complaint thus seems to allege Karl Yutzy is a fellow worker.

But later, the complaint appears to ascribe managerial roles to Karl Yutzy, including knowledge of the hazards, and the requirements to protect the Decedent, to train and supervise him, and to insulate him from hazards known to

9

Mr. Yutzy. The complaint alleges that Mr. Yutzy assigned the work to Decedent and assigned him to the uninsulated cherry picker. *Id.* at ¶ 67.

Whether Karl Yutzy is sued as a corporate manager/officer is important to his claim that he personally is an insured under the Policy. Nova has filed a deposition for the undersigned's consideration of the YTS corporate representative, which was Mr. Karl Yutzy. There, Yutzy identifies himself as president of the corporation. His duties include "general manager and administrative bookkeeping, scheduling." Doc. 38-3 at 7; *see id.* at 25 ("Karl Yutzy individually works for Yutzy Tree Service, Incorporated. My job duties include everything under that umbrella, yes."). At the time of Yutzy's deposition, YTS had twenty-three employees. *Id.* at 26. Yutzy testified he most likely did the work schedule for the Decedent. *Id.* at 29. The only other officer was Yutzy's daughter, who was vice president. *Id.* at 7.

The Defendants argue several points as to Karl Yutzy. First, they argue that Yutzy is an insured under the Policy. In this regard they point to the Policy terms that state: "Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors." Doc. 38-1 at 54.[2] On this record, and viewing disputed coverage issues in a light most favorable to

---

[2] "Executive Officer" is defined as "a person holding any of the officer positions created by your charter, constitution, bylaws, or other similar governing document." Doc. 38-1 at 58.

10

coverage, the undersigned concludes that Yutzy's role as an insured is a trial issue. This means that at this juncture Nova has not established as an uncontested issue of fact that Yutzy is not an insured. It is not a clean-cut issue of law: What Yutzy was doing, whether he was involved as a fellow employee or was undertaking the duties of an executive officer of this small corporation (and is thus an insured), is a contested issue of fact. The duty to train and the duties to supervise and to schedule and to assign work appear to be duties of a corporate officer, and the very duties Karl Yutzy is being sued for. In any event, whether Yutzy is an insured under the Policy is insufficiently clear for the undersigned to rule as a matter of law without a full explication of the factual issues.

Insureds are considered separately under the Policy. Doc. 38-1 at 58. So one must consider whether Nova has shown that even *if* Karl Yutzy is an insured there is no factual dispute over whether the Policy exclusions apply. That has not been shown, given how the Court must read this record. Exclusionary clauses are generally disfavored. *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006). When an insurer relies on an exclusion to deny coverage, it has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation. Defendants argue that Yutzy, the company

president, is being sued in great part for his executive functions in this small company, thus making him an insured. And they contend that Yutzy does not fall within the exclusions because he was neither an employer of the Decedent nor one with any obligations or duties to Decedent under the Florida workers' compensation scheme. This record is too unclear and contested to grant Plaintiff summary judgment on these matters as to Mr. Yutzy. Accordingly, Nova's motion for summary judgment as to Mr. Karl Yutzy is **DENIED**. Upon conclusion of the underlying suit, if the matters are still in contest, the parties may resubmit the issues to the Court for reconsideration, or trial.

    **DONE AND ORDERED** at Tampa, Florida, on September 28, 2020.

                                              */S/ William F. Jung*
                                              **WILLIAM F. JUNG**
                                              **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record